IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**VINCE LEAVELL HOWINGTON, SR.,**

                  **PLAINTIFF,**

      **V.**                                        **5:15cv115**
                                                        **(TJM/CFH)**

**JASON EIFFE, Police Officer, and MICHAEL HARD, Police Officer,**

                  **DEFENDANTS.**

Thomas J. McAvoy
Senior United States Judge

## DECISION AND ORDER

Before the Court is Defendants' motion for summary judgment. See dkt. # 21. The parties have briefed the issues and the Court has determined to decide the matter without oral argument. For the reasons stated below, the motion will be denied.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, filed a Complaint in this matter on February 2, 2015. See dkt. # 1. The Complaint alleges that Defendants Jason Eiffe and Michael Hard, City of Syracuse Police Officers, used excessive force in arresting him on an outstanding warrant on October 9, 2013. After the Court approved Plaintiff's motion to proceed *in forma pauperis* and Defendants answered the Complaint, the parties engaged in discovery. Defendants then filed the instant motion, arguing that no

evidence supported an excessive force claim and, even if such evidence existed, they were entitled to qualified immunity. The parties briefed the issues, bringing the case to its present posture.

## II.     LEGAL STANDARD

Defendants have moved for summary judgment. It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tennenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where 'there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a *prima facie* basis for summary judgment, the burden of production shifts to the party opposing summary judgment, who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon 'mere allegations or denials' asserted in his pleadings, Rexnord Holdings, Inc. v.

Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

## III. ANALYSIS

As a preliminary matter, the Court notes that Plaintiff did not properly respond to the statement of material facts submitted by the Defendants. Local Rule 7.1(a)(3) requires the proponent of a summary judgment motion to file a "Statement of Material Facts" that contains "in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue." L.R. 7.1(a)(3). Each paragraph must contain citations to the record to support such statements. Id. Parties opposing the motion must file a response that "mirror[s] the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs." Id. Failing to file such a statement, the Rules warn, will cause the Court to "deem admitted any properly supported facts" in the movant's statements. Id. (emphasis in original). While the rule is important, "[a] non-response does not risk a default judgment[.]" Jackson v. Fed. Express, 766 F.3d 189, 194 (2d Cir. 2014). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." Id. "[T]he court may rely on other evidence in the record even if uncited." Id. Moreover, "the court must determine whether the legal theory of the motion is sound." Id. The Court may not grant summary judgment "simply because the motion, or relevant part, is unopposed." Id.

3

A.  **Excessive Force**

The Court will address the Plaintiff's claim of excessive force during his arrest as brought pursuant to the Fourth Amendment.[1]  "The Fourth Amendment prohibits the use of unreasonable force and therefore excessive force by a police officer in the course of effecting an arrest'" Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010).  "The Fourth Amendment test of reasonableness 'is one of objective reasonableness.'" Bryant v. City of New York, 404 F.3d 128, 136 (2d Cir. 2005) (quoting Graham v. Connor, 490 U.S. 386, 399 (1989)).  To show unreasonable force in the Fourth Amendment context, a plaintiff "must establish that the government interests at stake were outweighed by the nature and quality of the intrusion on [plaintiff's] Fourth Amendment interests." Id. (internal quotations omitted).  "In other words, the factfinder must determine whether, in light of the totality of the circumstances faced by the arresting officer, the amount of force used was objectively reasonable at the time." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 123 (2d Cir. 2004).  This is a fact-

---

[1] Plaintiff's Complaint alleges that Defendants violated his Eighth Amendment rights.  Defendants argue that the Court should grant their motion because the Eighth Amendment addresses cruel and unusual punishment after conviction and has no place in a claim regarding an arrest before the plaintiff was ever imprisoned or held in a jail.  Defendant is correct that "a claimed Fourth Amendment violation for using excessive force while making an arrest differs from a claimed Eighth Amendment violation for abusing a prisoner." Brown v. City of New York, 798 F.3d 94, 101 n.10 (2d Cir. 2015).  Still, a court is to construe *pro se* pleadings with "'special solicitude," construing them "'liberally'" and reading them "to raise the strongest arguments that they 'suggest'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (quoting Rutolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994); Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006); and Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).  Given these requirements, the Court reads the Plaintiff's Complaint to suggest a Fourth Amendment excessive force claim.  Plaintiff's Complaint surely put Defendants on notice of the nature of his claims, and the Court finds no prejudice to Defendants in the manner of pleading.

intensive inquiry particular to the case, requiring consideration of "the severity of the crime at issue, whether the suspect pose[d] an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. (internal quotations omitted). Because of "the fact-specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." Id.

Defendants' statement of material facts lays out the events that led to Plaintiff's arrest. See Defendants' Statement of Material Facts, dkt. # 21-9. At 10:44 p.m. on October 9, 2013, Defendant Jason Eiffe, a Syracuse Police Officer, observed Plaintiff walking southbound on Oakwood Avenue in that city. Id. at ¶¶ 1-2. Plaintiff had consumed alcohol earlier that night. Id. at ¶ 3. Eiffe knew Plaintiff from previous encounters. Id. at ¶ 4. He was aware that an active warrant existed for Plaintiff's arrest. Id. Plaintiff knew of this warrant, and knew that he would be sentenced to jail if arrested. Id. at ¶¶ 6-7.

Eiffe pulled his police cruiser alongside Plaintiff, got out of the vehicle, and attempted to stop and arrest Plaintiff. Id. at ¶ 5. Plaintiff threw the glass bottle he was drinking onto the ground and began to run away. Id. at ¶ 8. Plaintiff testified that he fled because he did not want to be arrested. Id. at ¶ 9. Plaintiff tripped on a curb, regained his balance, and then ran around a parked car in an effort to evade Eiffe. Id. at ¶ 10. According to Defendants, Plaintiff continued to run, but tripped and fell face-first into a chain-link fence. Id. at ¶ 11.

Defendant Eiffe eventually caught up to Plaintiff, finding him seated with his back

5

against the fence and his arms in front of him.  Id. at ¶ 12.  Eiffe "jumped on top of Plaintiff in an attempt to gain control of him[.]" Id. at ¶ 13.  Plaintiff allegedly refused Eiffe's order to put his hands behind his back.  Id.  Eiffe struck Plaintiff in the face when he attempted to get back up on his feet.  Id. at ¶ 14.  Plaintiff then allegedly rolled onto his stomach and continued his efforts to rise to his feet.  Id. at ¶ 15.  Meanwhile, Officer Eiffe "straddled Plaintiff's back" as he attempted to pull one of Plaintiff's wrists behind his back.  Id. at ¶ 16.  Plaintiff continued to resist, arching his back and attempting to throw Eiffe off him.  Id. at ¶ 17.  Defendant responded by striking Plaintiff "several more times in the face" in an effort to get him to put his hands behind his back.  Id. at ¶ 18.

Defendant Officer Michael Hard arrived on the scene while this struggle was going on.  Id. at ¶ 19.  He kicked Plaintiff in the upper right shoulder because he continued to refuse to put his hands behind his back.  Id. at ¶ 20.  When Plaintiff still refused to put his hands behind his back, Defendant Hard punched Plaintiff on the right side of his face and upper body area.  Id. at ¶ 21.  Finally, with the aid of a third officer, Defendants were able to force Plaintiff's hands behind his back and place him in handcuffs.  Id. at ¶ 22.  Plaintiff eventually pled guilty to an earlier petit larceny charge.  Id. at ¶ 26.  That guilty plea also satisfied the charges arising from his conduct on the night in question.  Id.

Defendants argue that these facts should cause the Court to grant their motion.  They contend that these facts demonstrate that the force used by officers in arresting Plaintiff was reasonable.  The crime was severe, Defendants insist, because a warrant had been issued for Plaintiff's arrest.  Second, Plaintiff admits that he attempted to resist or avoid arrest by running.  Third, Plaintiff, in the officers' telling, continued to

6

resist arrest even after he stopped running. He attempted to push himself off the ground and refused to put his hands behind his back. Such conduct increased the danger officers faced, raising the need for force.

The problem with Defendants' position is that it fails to account for the fact that Plaintiff offered a different version of the facts in his deposition testimony, and the Court is compelled to consider the facts in the light most favorable to the non-moving party. See Deposition of Vince Howington, Jr., dkt. # 21-8. Plaintiff related that he encountered Defendant Eiffe on the night of October 9, 2014. Id. at 24-26. Eiffe jumped out the car and told Plaintiff that he was looking for him, demanding that Plaintiff show his hands. Id. at 26. When Eiffe came towards him, he threw the beer onto the ground and began to run, but soon stopped. Id. According to Plaintiff, "I stopped and said to myself, what am I running for and I stopped and he shoved me into the fence." Id. Plaintiff insists that Eiffe threw him up against the fence, even though he had stopped running. Id. at 27. Plaintiff testified that Eiffe then "threw me down on the ground," demanding to see his hands. Id. Plaintiff put his hands in front of him, but Eiffe "just started punching upside my face and he had his knee in my back, my neck/back and he just kept on punching me in the face, he was kicking me and I told him I couldn't breathe." Id.

According to Plaintiff, the beating did not stop when other officers arrived. Indeed, "when the arrest[ing] officers came" Eiffe hit Plaintiff "more[.]" Id. Plaintiff reported that Defendant Eiffe "had his arm around my neck" and his "feet on my back" and struck Plaintiff repeatedly in both eyes. Id. at 34. Moreover, Plaintiff testified, Defendant Hard also struck him, punching him "in the face a few times" and kicking him

7

"in the shoulder." Id. at 35. Both Defendants "attack[ed] me and then while I was–when I was laying down, they trumped [sic] me over, kicked me in the shoulder, so I had shoulder pain." Id. at 35. Plaintiff alleges that Hard and Eiffe struck him while he was lying on the ground, and also punched him the face after he was handcuffed and sitting on the ground. Id. at 36-37.

If a jury were to find this testimony credible, a jury could reasonably conclude that the force used to effect Plaintiff's arrest was unreasonable. While Plaintiff admits that he fled Officer Eiffe and resisted arrest, justifying the use of some force, Plaintiff also testified that the application of force continued beyond the point where he had been subdued. A jury could find such force unnecessary. According to Plaintiff, Defendants struck him not as a means of controlling him and taking him into to custody, but as a means of harming him after he was under control and subdued. If a jury believed Plaintiff, that jury would have to conclude that the use of such force was unreasonable. Mindful that "granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable[,]" the Court will deny the motion for summary judgment in this respect. Amnesty Am., 361 F.3d at 123.

### B. Qualified Immunity

Defendants next argue that, even if Plaintiff has evidence of excessive force, they are entitled to qualified immunity. "Qualified immunity is an affirmative defense that shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Stephenson v. Doe, 332 F.3d 68, 76 (2d Cir.

2003) (quoting McCardle v. Haddad, 131 F.3d 43, 50 (2d Cir. 1997)). "[T]he need for 'clearly established' law is satisfied if the law on the subject was defined at the time with reasonable clarity or clearly foreshadowed in rulings of the Supreme Court or the Second Circuit, so that the defendant should have understood that [his] conduct was unlawful." Lynch v. Ackley, 811 F.3d 569, 578-79 (2d Cir. 2016) (quoting Looney v. Black, 702 F.3d 701, 706 (2d Cir. 2012)). Qualified immunity applies when "'it was 'objectively reasonable' for [the officer] to believe that [his or her] actions were lawful at the time of the challenged act.'" Betts v. Shearman, 751 F.3d 78, 83 (2d Cir. 2014) (quoting Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007)).

The Court will deny the motion in this respect as well. Assuming that the Plaintiff could convince a jury of his version of the events, a reasonable officer would surely know that continuing to punch and kick a plaintiff after he had been subdued and, indeed, after he was placed in handcuffs and sitting on the ground constituted excessive force and violated the detainee's rights. Qualified immunity is not available under that set of facts.

## IV.  CONCLUSION

For the reasons stated above, the Court will deny the Defendants' motion for summary judgment, dkt. # 21.

**IT IS SO ORDERED.**

Dated: April 15, 2016

Thomas J. McAvoy
Senior, U.S. District Judge